[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2005
THOMAS K. KAHN
CLERK

No. 04-15357
Non-Argument Calendar
_____

D.C. Docket No. 04-20282-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MARINO VARGAS-VASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(September 7, 2005)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Francisco Marino Vargas-Vasquez appeals his 41-month sentence for illegal re-entry, in violation of 8 U.S.C. § 1326(a). We **VACATE and REMAND**.

# I. BACKGROUND

A federal grand jury indicted Vargas-Vasquez on one count of unlawfully attempting to enter the United States after previously having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Pursuant to a plea agreement, he pled guilty to the charge. The presentence investigation report ("PSI") calculated Vargas-Vasquez's base offense level as eight, pursuant to U.S.S.G. § 2L1.2. Because Vargas-Vasquez previously had been deported for a drug trafficking offense for which the sentence exceeded thirteen months, he received a 16-level increase, pursuant to § 2L1.2(b)(1)(A)(i). He also received a three-level reduction for acceptance of responsibility. Vargas-Vasquez's total offense level was 21, and his criminal history category was III. Accordingly, Vargas-Vasquez's guideline imprisonment range was 46 to 57 months of imprisonment.

Vargas-Vasquez's counsel filed two written objections to the PSI that are relevant here. First, his counsel objected to the use of Vargas-Vasquez's prior drug trafficking convictions to establish his maximum sentence and guideline range. Specifically, Vargas-Vasquez's counsel argued that Vargas-Vasquez's indictment did not allege that his previous deportation was subsequent to a conviction for a drug trafficking offense resulting in a sentence of 13 months or more, and that Vargas-Vasquez was charged with violation of 8 U.S.C. § 1326(a),

which imposes a maximum penalty of two years, not with the "distinct, aggravated crime set forth separately in 8 U.S.C. § 1326(b)." R1-18 at 8. His counsel contended that the indictment referenced § 1326(b)(2) but failed to contain the elements of that offense. Accordingly, Vargas-Vasquez's counsel argued that the district court could not impose permissibly a sentence in excess of two years because Vargas-Vasquez's offense of conviction carried that maximum. Although conceding that the Supreme Court, in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), had previously rejected his argument, Vargas-Vasquez's counsel contended that the Supreme Court recently has called into question its holding in that case. Second, Vargas-Vasquez's counsel argued that, based on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the district court could not consider Vargas-Vasquez's two prior drug convictions in calculating either his offense level or his criminal history category because they were not alleged in the indictment, admitted in his guilty plea, or proven beyond a reasonable doubt to a jury.

At the sentencing hearing, Vargas-Vasquez's counsel raised one objection relevant here. He objected to the use of Vargas-Vasquez's prior convictions both to establish his offense level and to establish the criminal history category because they were neither charged in the indictment nor admitted by Vargas-Vasquez.

Citing United States v. Marseille, 377 F.3d 1249 (11th Cir. 2004), cert. denied, ___ U.S. ___, 1255 S. Ct. 637 (2004), the district court overruled Vargas-Vasquez's objection.

Noting that, prior to "9/11," "the government used to exercise discretion in deciding who[m] to prosecute for illegal re-entry," the district court stated that it "wish[ed] the executive branch would go back to exercising some discretion." R3 at 20. The district court then stated that it intended to impose a sentence "at the bottom of the Guideline range," id. at 20, and sentenced Vargas-Vasquez to 41 months of imprisonment.

## II. DISCUSSION

On appeal, Vargas-Vasquez's counsel contends on his behalf that the district court erred under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), by sentencing him under a mandatory guidelines scheme.[1] In response, the government concedes that the district court committed statutory Booker error and that this case should be remanded for re-sentencing.

---

[1] Additionally, Vargas-Vasquez avers that Booker overruled our holding in Marseille that Almendarez-Torres is still binding Supreme Court precedent. Marseille, 377 F.3d at 1257. This argument has no merit. In United States v. Camacho-Ibarquen, a case decided after Booker, we noted that we must continue to follow Almendarez-Torres until it is explicitly overruled by the Supreme Court. 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam).

Because Vargas-Vasquez's counsel objected to the district court's use of Vargas-Vasquez's convictions to enhance his sentence, when they were neither charged in the indictment nor admitted by Vargas-Vasquez, Vargas-Vasquez preserved his Booker claim. Thus, we review his Booker claim to determine whether any error was harmless. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (per curiam). "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." Id. at 1292 (citation omitted) (alteration in original).

In this case, the government cannot show that the district court's statutory sentencing error, under Booker, did not affect Vargas-Vasquez's sentence. Thus, we vacate and remand for resentencing.

### III. CONCLUSION

Because the government cannot meet its burden of proving that the district court's statutory Booker error was harmless, we **VACATE** and **REMAND** for resentencing.